608 S.E.2d 132

**In the Matter of Efia NWANGAZA, Respondent.**

No. 25924.

Supreme Court of South Carolina.

Submitted Dec. 6, 2004.
Decided Jan. 10, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, Susan M.. Johnston, Deputy Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, all of Columbia, for the Office of Disciplinary Counsel.

Stephen John Henry, of Greenville, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about December 14, 1999, complainant signed a contingency fee agreement retaining respondent to represent her in a claim for damages sustained in an automobile accident (the Personal Injury Matter). Complainant also hired respondent to represent her in a child support matter (the Domestic Matter). No written fee agreement regarding the Domestic Matter was signed. Respondent represents there was an oral agreement that her fee in the Domestic Matter would be paid from the proceeds of the Personal Injury Matter. Complainant disputes the existence of an oral agreement.

Complainant paid respondent $100 for the cost of filing and service in the Domestic Matter. Respondent's attorney's fees in the Domestic Matter were to be calculated at $125 per hour.

Respondent submitted an affidavit of attorney's fees and costs totaling $2,100 in the Domestic Matter.

In July 2000, the family court awarded complainant $300 in temporary attorney's fees to be paid by the defendant at a rate of $100 per month. The court stated the remaining claim for attorney's fees and costs would be addressed at the subsequent paternity hearing. The defendant submitted to a paternity test in August 2000. The test established a 99% probability that he was the father of complainant's child.

The insurance company agreed to pay $6,250 to settle the Personal Injury Matter. The insurance company issued a check payable to complainant and respondent in the amount of $6,250.

On or about October 5, 2000, complainant went to respondent's office for settlement disbursement. Respondent presented complainant with a letter outlining the disbursement of the proceeds of the Personal Injury Matter. The disbursement sheet stated: "... attorney's fees for your on-going child support case are also due from these proceeds. As the Defendant ... was ordered to pay $300 of the $2,100 for which you were invoiced on July 19, 2000, the balance due is $1800. While I am prepared to compromise this amount, it must be paid today."

When respondent presented complainant with the disbursement sheet, a dispute arose. Complainant refused to sign the disbursement sheet or the settlement check and terminated respondent.

As a result of her termination, respondent did not request a paternity hearing. Respondent did not pursue the balance of her fees and costs from the defendant in the Domestic Matter as permitted by the family court's order.

On October 6, 2000, respondent negotiated the settlement check without complainant's consent or endorsement by depositing it into her trust account. Respondent issued a check in the amount of $1,339 to complainant's medical provider. Respondent withdrew her contingency fees in the amount of $2,083.33. Respondent failed to maintain the balance of $2,827.66 in her trust account until the dispute over the fees in the Domestic Matter was resolved.

On or about December 13, 2000, respondent filed a lawsuit against complainant in magistrate's court claiming $1,800 in attorney's fees for the Domestic Matter, plus $305 in costs and fees, for a total of $2,105. On August 15, 2003, respondent paid complainant the disputed portion of the fee plus 9% interest in the Domestic Matter.

## LAW

Respondent admits that by her misconduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning the objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.5 (when lawyer has not regularly represented client, fee shall be communicated to client, preferably in writing); Rule 1.15 (lawyer shall hold client property in her possession separate from lawyer's own property); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for

Discipline by Consent and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.